UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-1513 ADM/AJB

| | |
|---|---|
| AHMED SHQEIRAT, et al, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U. S. AIRWAYS GROUP, INC., et al, )<br>)<br>Defendants. ) | **STATEMENT OF INTEREST<br>ON BEHALF OF NON-PARTY<br>TRANSPORTATION SECURITY<br>ADMINISTRATION** |

Pursuant to 28 U.S.C. § 517, non-party Transportation Security Administration ("TSA"), appearing through its attorneys, Frank J. Magill, United States Attorney for the District of Minnesota, and Chad A. Blumenfield, Assistant United States Attorney, respectfully submits the following Statement of Interest concerning the Plaintiffs' request for access to Sensitive Security Information ("SSI") in this action. In particular, this Statement responds to the SSI issues raised by Plaintiffs' Memorandum of Law in Opposition to U.S. Airways Motion for Summary Judgment ("Pls. U.S. Airways Opp.") [Doc. 264]. Plaintiffs contend, in relevant part, that they cannot respond to the pending motions for summary judgment because (1) they need access to the SSI that TSA redacted from certain documents produced by U.S. Airways, and (2) they were unable to complete the deposition of Defendant David Karsnia due to SSI objections lodged by counsel for the Metropolitan Airports Commission and its officers (collectively, the "MAC Defendants"). See Pls. U.S. Airways Opp. at 8-12 and 51-52. TSA respectfully submits that if the Court is concerned about these arguments, the Court should permit the withheld information to be filed ex parte and under seal, so that the Court can conduct an in camera review.

## BACKGROUND

SSI is information obtained or developed in the conduct of security activities, the disclosure of which TSA has determined would, among other things, be detrimental to the security of transportation. See 49 U.S.C. § 114(s) & 49 C.F.R. Part 1520. Congress expressly delegated to TSA the authority to determine what is SSI and whether to allow its disclosure. See 49 U.S.C. §§ 114(s). TSA's designation of information as SSI is reviewable only in the United States Courts of Appeals, not in the United States District Courts. See 49 U.S.C. § 46110(a); MacLean v. DHS, 543 F.3d 1145 (9th Cir. 2008); Chowdhury v. Northwest Airlines Corp., 226 F.R.D. 608, 614 (N.D. Cal. 2004). Generally speaking, SSI may not be disclosed to a non-covered person in civil discovery. See 49 C.F.R. § 1520.9(a)(2). Defendants are covered persons under TSA regulations, but the Plaintiffs are not. See 49 C.F.R. § 1520.7. Plaintiffs and their counsel therefore cannot have access to SSI without the express consent of the TSA Administrator or his designee.

Pursuant to their regulatory obligations to protect SSI, Defendants have, from time to time during the course of this litigation, asked TSA to review documents to determine whether they contain SSI. TSA has reviewed all of the documents submitted for review, and provided Defendants with redacted copies of any documents containing SSI for their use in litigation. The documents reviewed by TSA include the transcript of Mr. Karsnia's deposition. TSA determined that the MAC Defendants' SSI objections were appropriate under the circumstances. See September 22, 2008 email from C. McKee to T. Schupp (TSA Ex. 1).

By letter dated September 24, 2008, Plaintiffs asked TSA to review the Karsnia transcript and to conduct a second review of certain U.S. Airways documents that had been reviewed and redacted by TSA (TSA Ex. 2). By email dated September 29, 2008, TSA referred Plaintiffs to

TSA's email of September 22, 2008, upholding the SSI objections that the MAC Defendants asserted during the Karsnia Deposition (TSA Ex. 3). By letter dated November 6, 2008, TSA advised Plaintiffs that it had conducted a second review of the U.S. Airways documents and concluded that there was no basis to modify its SSI determinations (TSA Ex. 4). The same letter advised the Plaintiffs of their rights to appeal TSA's determination to a United States Court of Appeals pursuant to 49 U.S.C. § 46110, or for their counsel to request access to specific SSI pursuant to section 525(d) of the Department of Homeland Security Appropriations Act, 2007, Pub. L. No. 109-295, § 525(d), 120 Stat. 1382 (Oct. 4, 2006), as reenacted by Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, § 522, 121 Stat. 2069 (Dec. 26, 2007) and Consolidated Security, Disaster Assistance, and Continuing Appropriations Act, 2009, Pub. L. No. 110-329, § 510, --- Stat. --- (Sept. 30, 2008) ("Section 525(d)") (TSA Ex. 5).

Section 525(d) sets specific requirements for access to SSI for litigation purposes. Id. First, the attorney requesting access must demonstrate that he or she has a substantial need for relevant SSI in the preparation of his or her client's case, and that the client is unable without undue hardship to obtain the substantial equivalent of the information by other means. If the requesting attorney is able to make this requisite showing, and provided that TSA does not find that the release of the specific SSI would pose a risk of harm to the nation, the requesting attorney will be asked to complete an SSI access threat assessment. This assessment includes a criminal history records check, an intelligence-related check, and a professional responsibility check. Assuming that the threat assessment is favorably adjudicated, the requesting attorney will be given access to the specific SSI for the purpose and duration of the above-captioned litigation, subject to entry of a TSA-approved protective order memorializing any conditions on access that TSA deems necessary.

By letters dated November 12, 2008, and November 25, 2008, counsel for the Plaintiffs requested access to SSI contained in certain specific documents pursuant to Section 525(d) and/or a final order allowing Plaintiffs to file a petition for review of TSA's SSI determinations (TSA Exs. 6 & 7).  TSA has not processed these requests due to the 90-day stay of discovery that was entered on November 18, 2008 [Doc. 216], which was extended indefinitely by Order dated February 13, 2009 [Doc. 260].

## DISCUSSION

Plaintiffs contend that they cannot respond to the pending motions for summary judgment without access to SSI.  Counsel for the Plaintiffs are seeking access to specific SSI that TSA redacted from documents produced by U.S. Airways, and to the unspecified SSI that would have been disclosed had the MAC Defendants not objected to a certain line of questioning at Mr. Karsnia's deposition.  See Pls. U.S. Airways Opp. at 8-12 and 51-52.

As explained above, counsel for the Plaintiffs cannot have access to SSI unless TSA grants access pursuant to Section 525(d) or TSA's SSI determinations are overturned by a United States Court of Appeals.  TSA will not grant 525(d) access unless TSA determines that:

1. Plaintiffs' counsel have a "substantial need" for relevant SSI in preparation of the case;
2. Plaintiffs are unable to obtain the substantial equivalent of the requested SSI by other means without substantial hardship;
3. The release of the specific SSI would not pose a risk of harm to the nation.

See Section 525(d).  Assuming that TSA answers these questions in the affirmative, Plaintiffs' counsel must submit to a SSI Threat Assessment, and that assessment must be favorably adjudicated.  Even then, Plaintiffs' counsel's access to SSI would be contingent upon the Court's willingness to enter an appropriate protective order ensuring that Plaintiffs' counsel use, maintain, and dispose of the SSI in accordance with TSA's policies and procedures.  Because the

525(d) process has not been completed, nor have TSA's determinations been overturned by a Court of Appeals, neither Plaintiffs nor their counsel may have access to SSI at this time.

If the Court is concerned that Plaintiffs may be prejudiced by their lack of access, the Court could authorize the Defendants to file the requested SSI with the Court, ex parte and under seal. This will allow the Court to review the SSI in camera and determine its relevance to the pending motions. In the alternative, the Court could modify the stay of discovery to permit the 525(d) process to go forward, or order a stay that would to allow Plaintiffs to challenge TSA's SSI determinations in a United States Court of Appeals. Any of these approaches will allow the Plaintiffs to pursue their claims without detriment to the security of transportation.

## CONCLUSION

For these reasons, the Court should not order disclosure of SSI to the Plaintiffs or their counsel.

Dated: April 28, 2009

FRANK J. MAGILL, JR.
United States Attorney

s/ Chad A. Blumenfield

BY: CHAD A. BLUMENFIELD
Assistant United States Attorney
Of counsel:   Attorney ID Number 387296
600 U.S. Courthouse
GILLIAN FLORY   300 South Fourth Street
Senior Counsel   Minneapolis, MN 55415
Transportation Security Administration   chad.blumenfield@usdoj.gov
601 South 12th Street   (612) 664-5600
Arlington, VA 20598-6002
gillian.flory@dhs.gov
(571) 227-2670